LLOYD B. MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 14436-79.
United States Tax Court
T.C. Memo 1982-286; 1982 Tax Ct. Memo LEXIS 460; 43 T.C.M. (CCH) 1466; T.C.M. (RIA) 82286; May 24, 1982. *460 During 1977, P earned wages. In that year, he executed a vow of poverty and assigned all his possessions, including future possessions, to a purported church controlled by him. Held, P was not an agent of such church. The income received from his employment was earned by P in his individual capacity and is taxable to him under sec. 61, I.R.C. 1954, and sec. 1.61-2(c), Income Tax Regs.Held, further, P is liable for an addition to tax under sec. 6653(a), I.R.C. 1954, relating to negligence or intentional disregard of rules and regulations. Lloyd B. Miller, pro se. Richard C. McLaughlin, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION
*461 SIMPSON, Judge: The Commissioner determined a deficiency of $ 5,127.02 in the petitioner's Federal income tax for 1977 and an addition to tax of $ 256.35 under section 6653(a) of the Internal Revenue Code of 1954. [1] After a concession by the petitioner, the issues for decision are: (1) Whether the petitioner may effectively divest himself or income tax liability for compensation earned by him and transferred to a church controlled by him; and (2) whether the petitioner is liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Lloyd B. Miller, was a legal resident of Wayzata, Minn., at the time he filed his petition in this case. He filed his individual Federal income tax return for 1977 with the Internal Revenue Service. During 1977, the petitioner was employed as an electrical engineer by Control Data Corporation (Control Data) of Minneapolis, Minn., where he earned $ 23,152.69. *462 In that year, he had a number of meetings with representatives of the Life Science Church, and in December of such year, the Life Science Church issued him a certificate of ordination as a minister of such church, granted him a charter for a church, and approved a constitution and bylaws for the Life Science Church, Order of Almighty God 10,173 (the Order). [2] The Life Science College also granted the petitioner a doctor of divinity degree. Such documents were signed by Rev. William Drexler as dean of the Life Science College or as the presiding archbishop of the bishops in council of such church. The bylaws for the Order provided that the petitioner was to be the head of the Order. They also provided in part that: The sole authority of this Chapter of this Order shall be vested in the *463 Head of this Chapter of this Order All other members of the Chapter of this Order hereby created shall be advisory Trustees, whom the Head of the Order shall listen to for advice, but they shall have no right to vote unless so designated otherwise by the Head of this Order. * * * All property is irrevocabley [sic] dedicated to spiritual religious purposes. That the head of this Chapter of this Order shall have the sole power to control and dispense with the funds and property of this Chapter of this Order for his support to carry out the purposes of the Order, pursuant to 26 U.S. Code Section 501(C)(3) [sic]. VIII. TITLE TO PROPERTY All property, real, personal and otherwise shall be held by the person signing and agreeing to these By-Laws as the "Head" of this Order. * * * An undated letter to the petitioner from Rev. Drexler directed him to use his occupation as an electrical engineer to earn income to support himself and to use the income of the Order as he saw fit and reasonable to carry out the purposes of the Order. In December 1977, the petitioner signed a notarized vow of poverty, in which he made a gift "of all possessions of every description now owned *464 or hereafter acquired" to the Order. Such vow also contained the following limitation: NOTE: While this initial gift and succeeding gifts here provided for are irrevocable, thus complying with the irrevocable-gift-tax exempt statutes, they will revert to the giver instead of continuing in perpetuity in [if ?] civil government officialdom were to "void" this act against my express will and intent as by invalidating my right to continue as a member, minister or official of the church/order, or by impeding the power of the church or order designated to designate after death succession to religious hierachy [sic], or by blocking the rightful tax-exempt status and maintenance of the Church or order, possessions in whatever way determined upon as in setting other religious Orders/churches, anywhere elsewhere in this created world, or by interfering in any way with Universal Law rights and benefits as accorded churches and religious orders and are the true right and priviledge [sic] of any religious body under the Constitution of the United States, and the 1st, 20nd [sic], 4th, 5th, 6th, 7th, 9th, 10th, 13th and 14th Amendments thereof as rightfully, along with the Declaration *465 of Independence, accorded this Church or Order at the below date. However, the record contains no evidence that the petitioner executed any documents transferring title to particular property to the Order. After the petitioner received the documents from the Life Science Church and before December 25, 1977, he opened a bank account in the name of the Order into which he transferred his funds. Thereafter, he used the funds of the Order to pay for his housing, food, clothing, and transportation. In 1977, he also paid $ 1,000 to representatives of the Life Science Church for the documents used in establishing the Order and for their assistance in establishing it. On his individual Federal income tax return for 1977, the petitioner listed no income and claimed that he was entitled to a refund of $ 965.25, the amount of FICA taxes withheld from his wages by Control Data. On such return, he included no information other than his name, address, social security number, the amount of FICA tax withheld, a statement that he was exempt from both Federal income tax and FICA tax by virtue of his "vow of poverty," and his signature "Rev. Lloyd B. Miller, DD." A copy of his Form W-2 from *466 Control Data and the vow of poverty were attached to his return. In his notice of deficiency, the Commissioner determined that the wages paid to the petitioner by Control Data were taxable to him and that all or part of the underpayment of tax was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). OPINION The first issue for decision is whether the income earned by the petitioner in 1977 as an electrical engineer is exempt from Federal taxation by virtue of the petitioner's execution of a vow of poverty and the assignment of income pursuant thereto. The petitioner argues that as a result of the vow of poverty and assignment of income, his wages were earned by him as an agent for the Order and that therefore he is not taxable on such income. In part, he relies on the provisions with respect to ministers under income tax withholding and self-employment tax. The facts and argument in this case are substantially the same as those in McGahen v. Commissioner,76 T.C. 468 (1981), on appeal (3d Cir., Aug. 24, 1981). In that case, we held that the alleged minister earned the wages in his individual capacity *467 and was taxable on such income, and we set out fully our reasons for reaching such conclusion. [3] No purpose would be served by reiterating such reasons here. Accordingly, for the reasons set out in our opinion in McGahen, we hold that the petitioner is taxable on the wages earned by him in 1977. See also Riker v. Commissioner,244 F. 2d 220 (9th Cir. 1957), affg. a Memorandum Opinion of this Court; Kelley v. Commissioner,62 T.C. 131 (1974). The only other issue for decision is whether the petitioner was liable for an addition to tax under section 6653(a). Such section provides for an addition to tax when an underpayment is due to negligence or intentional disregard of rules and regulations. The petitioner has the burden of showing that he exercised due care in the preparation of his return and the payment of tax. *468 Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). In this regard, he introduced no evidence to refute the Commissioner's determination. Moreover, upon inspection of the return, it is abundantly clear that the petitioner's failure to report his wages, coupled with the filing of a vow of poverty, clearly constituted an intentional disregard of the rules and regulations within the meaning of section 6653(a). Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1977.↩
2. At times, we shall refer to the petitioner as a minister, to the Life Science Church by that name, and to the Order because the petitioner used those terms, but in doing so, we do not mean to imply that we have passed on the question of whether the Life Science Church qualifies as a church under the internal revenue laws or on the legal effect of the documents issued by such church.↩
3. See also McElhanon v. Commissioner,T.C. Memo. 1982-196; Minckler v. Commissioner,T.C. Memo. 1981-343; Young v. Commissioner,T.C. Memo. 1981-109, affd. per curiam 673 F. 2d 1334 (7th Cir. 1981); Lysiak v. Commissioner,T.C. Memo. 1981-108↩.